UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARY RALEY** **PLAINTIFF**

**V.** **CIVIL ACTION NO.1:07CV1118 LTS-RHW**

**JAY FLETCHER, ET AL.** **DEFENDANTS**

<u>ORDER</u>

The Court has before it the plaintiff's motion [5] to remand. For the reasons set out below, this motion will be denied.

Plaintiff is a property owner who, at the time of Hurricane Katrina, was insured under a Standard Flood Insurance Policy (SFIP) issued under the National Flood Insurance Act, 42 U.S.C. §4001, *et seq*. The state court complaint alleges that the defendants improperly classified the plaintiff's residence with respect to flood zones. Plaintiff alleges that she is entitled to either a refund of excess premiums or enhanced flood insurance coverage.

These allegations establish federal question subject matter jurisdiction under 28 U.S.C. §1331, even though the plaintiff has couched her claims in terms of negligence under state law. Establishing the right to a premium refund or to reformation of a SFIP is a matter governed by federal common law and the National Flood Insurance Act. *Southpointe Villas Homeowners Ass'n, Inc. v. Scottish Insurance Agency, Inc.*, 213 F.Supp 2d. 586 (D.S.C.2002).

While a claim based on the failure to procure flood insurance coverage does not establish federal question jurisdiction, a claim for a partial refund of premiums, which are federal funds, is sufficient to establish federal question jurisdiction. *Miccio v. Allstate Ins. Co.*, 2007 WL 163046 (E.D.La.2007); *Messina v. State Farm Fire and Cas. Co.*, 2007 WL 625947 (E.D.La.2007)

Accordingly, it is

**ORDERED**

That the plaintiff's motion to remand is hereby **DENIED**.

**SO ORDERED** this 26th day of November, 2007.

s/ <u>L. T. Senter, Jr.</u>
L. T. SENTER, JR.
SENIOR JUDGE